774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon Charles White, Plaintiff-Appellant,
v.
Jack Bergman, Joseph Gregorich; Arthur Lehtinen; Thomas
Stanaway; Lyle Janeczek, Defendants-Appellees.
 No. 85-1405
 United States Court of Appeals, Sixth Circuit.
 9/18/85
 
 W.D.Mich.
 AFFIRMED
 ORDER
 BEFORE: ENGEL and MILBURN, Circuit Judges; and WEICK, Senior Circuit Judge.
 
 
 1
 The Plaintiff appeals the summary judgment for the defendants in this pro se prisoner's civil rights action. He now moves for the appointment of counsel. That motion was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 While an inmate housed in the administrative segregation wing of the Michigan Intensive Program Center, the plaintiff participated with other inmates in a series of acts to protest the closure of the outer, solid doors of their cells during certain hours of the day. On September 5, 1984, the plaintiff refused an order to close the outer door and prevented its closure by hanging his arms through the bars of the inner door. He was charged with a disciplinary infraction. On the following day, he again refused to close the door and prevented its closure by tying a sheet to the bars of the inner door. He again received a misconduct report. After the same actions were taken for a third day, the guards on duty obtained permission to use mace to subdue the inmates involved, remove the objects tied to the cell bars, and close the outer doors. In all, mace was used by a total of five guards against five inmates. The plaintiff again received a misconduct report. Following later hearings, he was found guilty of all three misconduct charges.
 
 
 3
 The plaintiff then filed this action, raising two claims:
 
 
 4
 (1) The defendants abused their administrative powers by writing miscounduct reports in order to enforce an unconstitutional condition, i.e., the closure of the outer doors; and
 
 
 5
 (2) The use of mace against the plaintiff constituted cruel and unusual punishment.
 
 
 6
 Based upon the affidavits and other evidentiary material submitted by both the plaintiff and the defendants in motions for summary judgment, the district court found the plaintiff's claims without merit and entered summary judgment for the defendants. This timely appeal followed.
 
 
 7
 The district court entered a comprehensive opinion setting forth the facts of this case and the applicable case law. For the reasons stated therein, we find the district court did not err in finding the plaintiff's claims to have no merit and in entering summary judgment for the defendants. Therefore,
 
 
 8
 It is ORDERED that the motion for appointment of counsel be and it hereby is denied.
 
 
 9
 Upon review of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 10
 It is further ORDERED that the district court's judgment of May 8, 1985 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.